BARKETT, Justice.
The petitioner, American Institute of Defensive Driving, Inc., petitions this Court for writ of mandamus to the respondent, Traffic Court Review Committee. This Court has original jurisdiction. Art. V, §§ 2(a) & 3(b)(8), Fla. Const.
Petitioner asks this Court to order respondent to license and certify the petitioner’s basic driver improvement school pursuant to Florida Rule of Practice and Procedure for Traffic Courts 6.110 (1988). This rule provides:
In relation to traffic law violators ordered or allowed to elect to attend a driver improvement school or student traffic safety council school, or sentenced to a DWI Counter Attack School, the chief judge of the circuit shall issue an administrative order designating the schools to which attendance is required. No DWI Counter Attack School shall be approved by the chief judges until approval is first granted by the DWI Schools Coordinator or the Traffic Court Review Committee.
Petitioner complied with these requirements. The appropriate meeting was held with the chief judge of the Fifteenth Judicial Circuit, Judge R. William Rutter, Jr., and the administrative judge of the county court. Judge Rutter then notified the Traffic Court Review Committee that a hearing had been held and that the petitioner met the requirements of a basic driver improvement school. The chief judge accordingly requested that the committee take the appropriate steps to certify petitioner.
Respondent Traffic Court Review Committee refused to certify petitioner and takes the position that the matter should be reheard by the new chief judge of Palm Beach County to make “specific findings of fact” supporting certification. We do not find that the chief judge needs to specify “findings of fact” in his or her request. Nothing in rule 6.110 imposes such a requirement. The chief judge of the circuit has the authority to make the determination as to whether the petitioner meets the requirements for certification for basic driver improvement school. Upon receipt *219 of that decision, the Traffic Court Review Committee then is left the purely ministerial task of licensing and certifying the petition pursuant to rule 6.110. The Traffic Court Review Committee does not act as an appellate body authorized to review the decision of the chief judge.
Accordingly, the petition for writ of mandamus is granted, and we hereby order respondent immediately to license and certify petitioner pursuant to the clear requirements of rule 6.110 and the decision of the chief judge.
It is so ordered.
OVERTON, GRIMES and KOGAN, JJ., concur.
EHRLICH, C.J., and McDONALD and SHAW, JJ., dissent.